IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-57 (LO) |
| | ) | |
| SPENCER PAK | ) | |

**MOTION OF THE UNITED STATES
TO RESOLVE ATTORNEY CONFLICT**

The United States, by and through the undersigned counsel, hereby moves this Court to address and resolve the conflict of interest inherent in the representation by defense counsel of two defendants in the same matter. Spencer Pak has been charged by indictment in this case and is represented by Alan Cilman. Spencer Pak is scheduled to enter guilty pleas to several charges on November 6, 2019. The government recently learned that Alan Cilman also represents Richard Pak, Spencer Pak's older brother, in a related state proceeding. Richard Pak, represented by separate counsel in this case, is also scheduled to enter guilty pleas to several charges on November 6, 2019.

**BACKGROUND**

On February 15, 2019, criminal complaints were issued in the Eastern District of Virginia in two related cases. In No. 1:19-mj-90, the United States charged Spencer Pak, Ha Lim Chung, Grace Catherine Reilly, and Brandon Sobotta with conspiracy to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841 and 846. On February 16, 2019, Spencer Pak was arrested on this criminal complaint. He was stopped by a Loudoun County Deputy Sheriff while driving a vehicle from his home. Richard Pak was in the passenger's seat of the vehicle. Marijuana was found in the vehicle, and a Glock semi-automatic pistol was found in the glove compartment of the vehicle. Richard Pak was arrested at the scene and charged in Loudoun County with carrying a concealed weapon

and possession of marijuana, both misdemeanors (Loudoun County General District Court Nos. GC19000973-00 and GC19000974-00).

On May 8, 2019, Richard Pak was first charged in this case by indictment (Dkt. 80 in No. 1:19-cr-112 (LO)). He was arrested on May 9, 2019. Paul Vangellow was initially appointed to represent Richard Pak. He was subsequently replaced by retained counsel, Matthew Von Fricken. One of the charges in the May 8, 2019 Superseding Indictment related to the Glock pistol seized February 16, 2019, by the Loudoun County Sheriff during the traffic stop and arrest of Spencer Pak on a federal charge and of Richard Pak on the two state misdemeanor charges. Count 13 of the Superseding Indictment charged both Spencer and Richard Pak with having used, carried, and possessed that firearm in furtherance of, and during and in relation to, a drug trafficking offense (Dkt. 80 in No. 1:19-cr-112) (LO)).

On or about February 22, 2019, Alan Cilman first appeared as counsel for Spencer Pak in this case (Docket Nos. 1:19-mj-90 and 1:19-cr-112). Mr. Cilman continues to represent Spencer Pak.

On or about April 10, 2019, Alan Cilman entered his appearance for Richard Pak in Loudoun County General District Court in the two misdemeanor cases. It is the government's understanding that the concealed weapon charge was nolle prossed on or about August 14, 2019. The marijuana possession charge remains pending.

On or about October 21, 2019, the government learned that Mr. Cilman represents Richard Pak in the Loudoun County case. The government was contacted by the Alexandria Sheriff's Office because Mr. Cilman was at the Alexandria jail asking to see Richard Pak as his attorney. The jail's records, however, reflected that Richard Pak was represented by Mr. Von Fricken, and Mr. Cilman was not permitted to have an attorney/client visit. Later that day, we confirmed through the Loudoun County Sheriff's Office that Mr. Cilman represented Richard Pak in the pending state case.

## DISCUSSION

The government previously moved to resolve a conflict of interest involving Mr. Cilman and his representation of both Spencer Pak and Zu Chang. *See Motion of the United States to Resolve Attorney Conflict* (Dkt. 59 in No. 1:19-cr-112 (LO)). That pleading discusses the well-settled constitutional principles concerning a defendant's right to conflict-free counsel and this Court's duty to address conflicts of interest when they arise.

Mr. Cilman's representation of both Spencer Pak and Richard Pak is an obvious conflict of interest, and the Court must address this conflict with both Spencer and Richard Pak before it can accept their guilty pleas on November 6, 2019. Presumably Mr. Cilman and Mr. Von Fricken have discussed the conflict issue with their clients, and they are prepared to waive the conflict of interest inherent in Mr. Cilman's representation of both Spencer and Richard Pak. Nevertheless, the Court must determine for itself whether their waivers are voluntary, knowing, and intelligent. *See Hoffman v. Leeke*, 903 F.2d 280, 288 (4th Cir. 1990). "A waiver is voluntary if it is 'an intentional relinquishment or abandonment' of the right to conflict-free counsel." *United States v. Cortez*, 205 F. Supp. 3d 768, 780 (E.D. Va. 2016) (quoting *Hoffman*, 903 F.2d at 288). For a waiver to be knowing and intelligent, the defendant must have "knowledge of the crux of the conflict *and* an understanding of its implications." *United States v. Brown*, 202 F.3d 691, 698 (4th Cir. 2000). All affected parties must waive the conflict. It is a fundamental rule of legal ethics that an attorney must obtain informed consent from *both* clients when they are waiving a conflict of interest. *See* Va. Rules of Prof'l Conduct R. 1.17(b); Va. Rules of Prof'l Conduct R. 1.18(d)(1).

Given that these are constitutional issues that could give rise to post-conviction litigation, the Court should take precautions to ensure that any waivers are knowing, voluntary, and intelligent. In particular, the Court should do the following for each affected party:

  (i) forthrightly advise each affected client of the right to effective representation and of the potential dangers of representation by conflicted counsel; (ii) ensure that each affected client understands that right and those perils; (iii) grant each affected client the liberty to ask questions regarding the nature and consequences of his legal representation; (iv) ascertain whether each affected client has discussed the matter with his attorney, or whether he wishes to consult outside counsel; (v) endeavor to have each affected client personally articulate in detail his intent to waive his right to conflict-free counsel; and (vi) record the waiver colloquy.

*Cortez*, 205 F. Supp. 3d at 780. In addition, the Court should inquire whether the defendants which to be advised by conflict-free counsel in order to receive independent advice on the conflict issues. *See id.* at 781 (appointing independent counsel to "advise [a former client] prior to and during *voir dire* concerning [his] waiver"); Order 4, *United States v. Livingston*, No. 1:15-cr-201-LO (E.D. Va. Jan. 27, 2016) (appointing "independent counsel for the purpose of exploring the potential conflict of interest").

## CONCLUSION

For the foregoing reasons, the Court should conduct a hearing prior to the entry of any guilty pleas to determine whether Spencer and Richard Pak waive the conflict of interest arising from Mr. Cilman's representation of both individuals in related matters.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

By:     /s/
    James L. Trump
    Assistant United States Attorney
    2100 Jamieson Avenue
    Alexandria, VA 22314
    (703) 299-3726
    Email: jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2019, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.

/s/
James L. Trump
Assistant United States Attorney